# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER L. PORTER, | ) |
|             Plaintiff, | ) Civil Action No. 12 - 101 |
|             v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| WARDEN HOGUE, DEPUTY ROOFNER, LT. MS. SCHILLINGS, MR. CAMBELL, and MR. FINK, | ) ECF No. 30 |
|             Defendants. | ) |

## **MEMORANDUM ORDER**

This case is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 30.) For the following reasons, the Motion will be stricken for Defendants' failure to comply with Local Rules of Court for the Western District of Pennsylvania.

Defendants have filed a Motion for Summary Judgment along with a Brief in Support thereof. (ECF Nos. 30, 31.) Local Civil Rule 56 of the Local Rules of Court for the Western District of Pennsylvania sets forth the requirements with regard to summary judgment motions. Specifically, the rule states in pertinent part:

> B. **Motion Requirements**. The motion for summary judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought *and must be accompanied by the following*:
>
> 1. **A Concise Statement of Material Facts**. A separately filed concise statement setting forth the facts essential for the Court to decide the motion for summary judgment, which the moving party contends are undisputed and material, including any facts which for purposes of the summary judgment motion only are assumed to be true. The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs. A party must cite to

1

> a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact;
>
> 2. **Memorandum in Support**. The supporting memorandum must address applicable law and explain why there are no genuine issues of material fact to be tried and why the moving party is entitled to judgment as a matter of law; and
>
> 3. **Appendix**. Documents referenced in the Concise Statement shall be included in an appendix. Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

LCvR 56.B (emphasis added). In this case, Defendants have failed to comply with Local Civil Rule 56 by failing to accompany their Motion for Summary Judgment with a Concise Statement of Material Facts and supporting Appendix. "The purpose of Local Rule 56.1 is to aid the court in deciding a motion for summary judgment by identifying material facts and supporting documentation to determine whether or not the fact is disputed." Bouriez v. Carnegie Mellon Univ., No. Civ.A. 02-2104, 2005 WL 2106582, *3 (W.D.Pa. Aug. 26, 2005) (citing W.D.L.R. 56.1);[1] *see also* Markham v. White, 172 F.3d 486, 490 (7th Cir. 1999) (the local summary judgment rules "assist the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence"). A district court that insists on compliance with Local Rule 56 acts well within its discretion. Ziller v. Emerald Art Glass, Civ.A.No. 05-82, 2006 WL 2853976, *1 (W.D.Pa. Oct. 4, 2006) (citations omitted).

The purpose of a concise statement of material facts, and responsive concise statement

---

[1] The Local Rules of Court for the Western District of Pennsylvania were amended effective December 1, 2009. W.D.L.R. 56.1 is now codified at LCvR 56.

under Local Civil Rule 56, is to provide a mechanism by which courts can expeditiously determine what, if any, material facts are in dispute. Without these, the purpose of the Rule is not furthered. Because of the substantial nonconformity of Defendants' Motion for Summary Judgment with the Local Rules of this Court, the Court finds the most efficient resolution is to strike the entire Motion for Summary Judgment from the record and require Defendants to file a new, conforming Motion along with a Concise Statement of Material Facts, Brief in Support thereof and supporting Appendix.

**AND NOW**, this 17th day of April, 2013;

**IT IS HEREBY ORDERED** that the Clerk of Court shall strike Defendants' Motion for Summary Judgment (ECF No. 30) from the docket.

**IT IS FURTHER ORDERED** that Defendants' shall file a new Motion for Summary Judgment that conforms with Local Civil Rule 56, on or before May 15, 2013. Plaintiff shall be allowed thirty (30) days from the date Defendants file their new Motion for Summary Judgment to file an opposition to the Motion which also complies with Local Civil Rule 56.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Roger L. Porter
    JS 4865
    1100 Pike St.
    Huntingdon, PA 16654
    *Via U.S. Postal Mail*

    Counsel of Record
    *Via ECF Electronic Mail*